UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSEE JAMES LEE HARRINGTON,

      Plaintiff,

v.                                                  CASE NO. 8:25-cv-1147-SDM-AAS

THOMAS WHITE, *et. al.*,

      Defendants.

_____/

**ORDER**

      Harrington filed an earlier action (8:22-cv-2633-SDM-CPT) when he was a pretrial detainee in the Manatee County jail. The complaint alleged that the defendants violated Harrington's civil rights by, in addition to other means, subjecting him to the use of excessive force and denying him medical care. The district court determined that the initial complaint was insufficient under 28 U.S.C. § 1915(e), ordered him to file an amended complaint, and advised him that his failure to amend would result in the dismissal of his action without further notice. (Doc. 6 in 22-cv-2633) A later order dismissed the action for want of prosecution because Harrington neither filed an amended complaint nor requested an extension of time nor otherwise advanced this action. Two years later — after he was again a pretrial detainee in the Manatee County jail — Harrington filed an amended complaint and, among other requests, moved for both reconsideration and copies of

his earlier filed papers. (Docs. 12, 13, and 16 in 22-cv-2633) The district court denied the motions because of Harrington's lack of due diligence, advised him that he was responsible for filing a notice of change of address (both following his transfer to the Florida Department of Corrections and following his release from incarceration[*]), and informed him that he must start a new action to pursue his claims.

Harrington files the present action against the same defendants named in the earlier action, plus a few more — now totaling thirty-four named defendants. An earlier order (Doc. 6) grants Harrington leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Harrington must file an amended complaint. The present complaint neither asserts a fact to support an action nor identifies a defendant allegedly responsible for violating a right. Instead, Harrington refers to his earlier action to ascertain the supporting facts and identifies the responsible parties in this action as "White, *et. al.*" without alleging a fact committed by a specific person

_____

[*] Contrary to his current assertions, the docket in the earlier case contains no notice of change of address.

or entity.  Harrington's proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules.  And, although the district court must generously construe a *pro se* complaint, neither a district court nor a defendant is required to read between the lines to create a claim on Harrington's behalf.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [the complaint] must still suggest that there is at least some factual support for a claim") (citation omitted); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1368–69 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted).

Furthermore, the complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Harrington's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

Harrington may file an amended complaint to correct these deficiencies, which pleading must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint — or in an earlier action.

Also, Harrington is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice. The clerk must send to Harrington the civil rights complaint form required for a *pro se* plaintiff.

## A CAUTION TO MR. HARRINGTON

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Harrington is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 9, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE